**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **BRANDON LAWSON,** | : | |
| Plaintiff | : | |
| vs. | : | No. _____ |
| **UNITED STATES OF AMERICA** | : | |
| Defendants | : | **JURY DEMANDED** |

**CIVIL COMPLAINT**

1.      The Plaintiff, Brandon Lawson, is an inmate in the custody of the Bureau of Prisons.

2.      The relevant conduct at issue occurred while Mr. Lawson was in custody at the Federal Detention Center in Philadelphia, Pennsylvania (FDC Philadelphia).

3.      Defendant, United States of America through its department the Bureau of Prisons operated the FDC Philadelphia.

4.      Defendant United States of America is sued herein under the Federal Tort Claims Act for torts committed against and injuries sustained by Mr. Lawson.

5.      Pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, seeks compensatory damages arising from Defendant United States of America's (hereinafter "Defendant") negligence insofar as it failed to ensure that he receive necessary medical treatment for a serious injury from which he was suffering.

6.      Notice of Tort Claim was sent to the Bureau of Prisons by undersigned counsel on March 13, 2024.

7.      By letter dated October 8, 2024, the Bureau informed undersigned counsel that

1

the claim was being administratively denied.

## Factual Background

8.    At all relevant times, Plaintiff Brandon Lawson had serious medical needs and the United States of America through its employees, administrators, contractors and other individuals responsible for acting on its behalf was deliberately indifferent to the same.

9.    In March of 2021, Plaintiff was involved in a serious accident that required surgical intervention.

10.    Specifically, Lawson underwent an operation that involved the placement of a rod and other hardware in his leg.

11.    Mr. Lawson was indicted for federal criminal offenses in September of 2021 and apprehended by federal authorities in late October of 2021.

12.    Subsequently, Lawson was ordered detained pending trial by US Magistrate Judge Carol Sandra Moore Wells on November 3, 2021.

13.    Lawson was remanded to the custody of the United States Marshalls and was detained in the Federal Detention Center in Philadelphia.

14.    At the time of his arrest and detention, Mr. Lawson had serious medical needs and was in need of additional medical treatment and surgery for his leg including the need for a bone graft.

15.    At the time of his arrest, Mr. Lawson had a consult scheduled to take place in a few days.

16.    Upon his arrival at the Federal Detention Center, Mr. Lawson advised the staff including all defendants of his serious medical needs and his imminent appointment.

17.    Notwithstanding the fact that Mr. Lawson advised the staff of the same, he was

2

not transported to his medical appointment nor was he transferred to another facility for treatment.

18.     No appointments were made to get him substitute treatment at that time.

19.     Notwithstanding repeated complaints and his utilization of the administrative procedures established by the Bureau of Prisons, it took Mr. Lawson months to receive any medical care for his injuries.

20.     The delay necessitated numerous additional medical procedures and/or surgeries which would not have been necessary but for the delay in seeking the medical treatment for Mr. Lawson's serious medical needs.

21.     Specifically, Mr. Lawson developed a blood infection, had to have hardware removed in order to treat the blood and bone infection, had to undergo a course of antibiotics to correct the blood and bone infection, had to have the hardware reinstalled, developed tachychardia, underwent numerous surgeries including a debriding procedure and several bone graphs at least some of which would have otherwise been unnecessary if he had access to appropriate medical treatment.

22.     Mr. Lawson still has trouble walking and standing and is forced to endure unnecessary pain as a result of the denial of medical treatment.

23.     It is averred that the denial of medical treatment in this case caused permanent damage to Mr. Lawson or severely limited his chances of recovery.

24.     All of this amounted to a violation of Mr. Lawson's rights under the Eighth Amendment.

25.     For the reasons explained in further detail below, Mr. Lawson is entitled to recover under the Tort Claims Act for these injuries.

3

## COUNT I:

### PLAINTIFF vs. UNITED STATES OF AMERICA

26. Plaintiff reincorporates all preceding paragraphs.

27. This Count seeks recovery from the defendant insofar as it was deliberately indifferent to Mr. Lawson's serious medical needs, all of which was in violation of the Eighth Amendment to the United States Constitution.

28. Defendant was deliberately indifferent to Mr. Lawson's needs in the following ways:

   a. Failing to schedule appointments with his treating doctors;

   b. Failing to schedule appointments with external health providers in order that Mr. Lawson could receive necessary medical treatment;

   c. Failing to treat Mr. Lawson's injuries;

   d. Failing to ensure that Mr. Lawson's serious medical needs were addressed in a timely fashion;

   e. Ignoring Mr. Lawson's pleas for help and his complaints about the denial of treatment;

   f. Failing to investigate Mr. Lawson's pleas;

   g. Ignoring the urgent need for treatment;

   h. Ignoring the urgent need for surgical intervention;

   i. Failing to provide wound care and physical therapy/rehabilitation;

   j. Failing to transport Mr. Lawson to receive medical treatment;

   k. Preventing Mr. Lawson from continuing his treatment regimen with medical professionals at the University of Pennsylvania for multiple months;

   l. Deliberately denying Mr. Lawson treatment due to personal animus, anger or other improper motivation;

29. As a direct and proximate result of the deliberate indifference described above,

Mr. Lawson was forced to sustain and suffer from the damages noted above.

30.     The injuries that Mr. Lawson sustained are permanent and Mr. Lawson endured pain and suffering as a result of the Defendants' unconstitutional conduct.

31.     Mr. Lawson lost the opportunity to make a full or substantial recovery as a result of the deliberate indifference of all defendants.

32.     It is likely that Mr. Lawson will suffer from pain, disfigurement, discomfort and embarrassment for the rest of his life as a result of the Defendant's actions.

33.     In light of his incarceration, Mr. Lawson was unable to arrange for these medical procedures for himself.

**WHEREFORE**, Plaintiff, Brandon Lawson, hereby demands judgment against all defendants individually and/or jointly and severally, along with costs of suit, attorney's fees and all other sums recoverable under the law.

Respectfully submitted,

By: */s/ Jason Javie*

Date: March 20, 2025

**JASON JAVIE**
**Attorneys for Plaintiff**
Two Penn Center, Suite 900
1500 John F. Kennedy Boulevard
Philadelphia, Pennsylvania  19102
(215) 563-7642
jason.javie@crllaw.com